IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY RYNHARD, | No. C 08-05614 CW (PR) |
|     Petitioner, | ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING SECOND EXTENSION OF TIME TO FILE TRAVERSE |
|   v. | |
| M. S. EVANS, et al., | |
|     Respondents.            / | |

    Petitioner has filed a second motion for appointment of counsel in this action.  Petitioner has also requested a second extension of time to file his traverse.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986); <u>Knaubert</u>, 791 F.2d at 728; <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims;

(5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. This is not an exceptional case that would warrant representation on federal habeas review. Therefore, Petitioner's second motion for appointment of counsel is DENIED. This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

Petitioner's request for a second extension of time to file a traverse is GRANTED. Petitioner's traverse is due thirty (30) days from the date this Order is signed. If no traverse is received on that date, the matter will be deemed submitted and ready for decision.

IT IS SO ORDERED.

Dated: 3/17/2010

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEFFREY RYNHARD,

        Plaintiff,

  v.

M.S. EVANS et al,

        Defendant.

Case Number: CV08-05614 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery A. Rynhard F-20916
C2, 236-L
California State Prison
Los Angeles County
P.O. Box 4610
Lancaster, CA 93539

Dated: March 17, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk