1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15

| JEFFREY A. RYNHARD, | ) | No. C 08-5614 LHK (PR) |
|---|---|---|
| Petitioner, | ) | ORDER DENYING |
| | ) | EXTENSION OF TIME FOR |
| v. | ) | PETITIONER TO FILE A |
| | ) | TRAVERSE; ORDER |
| ANTHONY HEDGPETH, Warden, | ) | DENYING REQUEST FOR |
| | ) | COUNSEL |
| Respondent. | ) | |
| | ) | (Docket No. 18) |

16    Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.

17 § 2254.  Before the Court is Petitioner's fifth motion for extension of time to file a traverse and a

18 request for counsel.

19    On July 28, 2010, the Court granted Petitioner his fourth extension of time to file a

20 traverse and noted in the order that "No further extension of time will be granted absent

21 emergency circumstances."  Petitioner has had almost a year to file his traverse.  Accordingly,

22 Petitioner's motion for extension of time is DENIED.  Petitioner's traverse is overdue, and this

23 matter is submitted.

24    Petitioner has requested appointment of counsel in this action.  However, the Sixth

25 Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*,

26 791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court

27 to appoint counsel to represent a habeas petitioner if "the court determines that the interests of

28 justice so require," the courts have made appointment of counsel the exception rather than the

1    rule.  Appointment is mandatory only when the circumstances of a particular case indicate that

2    appointed counsel is necessary to prevent due process violations.  *See Chaney v. Lewis*, 801 F.2d

3    1191, 1196 (9th Cir. 1986).

4         Petitioner has thus far been able to adequately present his claims for relief.  Respondent

5    has produced the state record, which includes any state appellate briefs prepared by counsel.  No

6    evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances

7    apparent.  At this time, appointment of counsel is not mandated, and the interests of justice do

8    not require appointment of counsel.  Accordingly, Plaintiff's request is DENIED.  This denial is

9    without prejudice to the Court's *sua sponte* reconsideration should the developments of this case

10   dictate otherwise.

11        This order terminates docket no. 18.

12        IT IS SO ORDERED.

13   DATED:  ___11/12/10___                         _____*Lucy H. Koh*_____

14                                                  LUCY H. KOH
                                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28