IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. RYNHARD,<br><br>    Petitioner,<br><br>  vs.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 08-5614 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a California prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an answer and a supporting memorandum of points and authorities addressing the merits of the petition. Although the Court granted Petitioner four extensions of time to file a traverse, Petitioner failed to do so within the deadline. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to habeas corpus relief and denies the petition.

**BACKGROUND**

On August 19, 2005, a Santa Clara County Superior Court jury found Petitioner guilty of 15 counts of lewd and lascivious conduct with a child under 14 years of age. On March 10, 2006, the Superior Court sentenced Petitioner to a total state prison term of 34 years. The California Court of Appeal modified the judgment and affirmed on April 26, 2007. (Petition, Ex. A.) The California Supreme Court granted review, and later dismissed review, based on *People*

*v. Black*, 41 Cal. 4th 799 (2007).  (Resp. Memo. at 2.)  Petitioner filed the instant petition on December 18, 2008.

## DISCUSSION

**A.** **<u>Standard of Review</u>**

Because the instant petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes significant restrictions on the scope of federal habeas corpus proceedings.  Under the AEDPA, a federal court may not grant habeas relief with respect to a state court proceeding unless the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'"  *Id.* at 409.  In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result.  *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003).  The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same.  The gloss

of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.    Petitioner's Claim**

Petitioner claims that the trial court's imposition of consecutive sentences for Counts 1-15 violated his right to a jury trial. In support of this claim, he cites to *Cunningham v. California*, 549 U.S. 270 (2007), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He argues that the trial judge rather than a jury found aggravating factors to support a consecutive sentence, which violated his right to a trial by jury.

The California Court of Appeal denied this claim, relying on California case law that held that "a jury trial is not required on the aggravating factors that justify imposition of consecutive sentences." *People v. Black*, 35 Cal. 4th 1238, 1262 (2005), *overruled on other grounds in Cunningham*, 549 U.S. at 293-94.

The Supreme Court has held that facts or findings that are used to increase a sentence beyond its statutory maximum must be submitted to the jury and found beyond a reasonable doubt. *Apprendi*, 530 U.S. at 488-90. The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely*, 542 U.S. at 303-04.

In *Cunningham*, the Supreme Court determined that California's determinate sentencing law violated the Sixth Amendment because it authorizes the judge and not the jury to find facts that permit an upper term sentence. *Cunningham*, 549 U.S. at 273. *Cunningham* did not address

1  the claim raised here regarding the imposition of consecutive sentences based on a trial judge's
2  findings of fact.  However, the Supreme Court has since determined that the application of
3  *Apprendi* and its progeny is limited to sentencing decisions historically reserved for the jury and
4  does not apply to claims regarding consecutive sentencing.  *See Oregon v. Ice*, 129 S. Ct. 711,
5  717-18 (2009) (declining to extend *Apprendi* to a state's sentencing system that gives judges
6  discretion to determine facts allowing imposition of consecutive or concurrent sentences for
7  multiple offenses, noting that determination of consecutive versus concurrent sentences is
8  traditionally not within the function of the jury).  In *Ice*, the Supreme Court held that states may
9  assign the question of imposing consecutive instead of concurrent sentences to judges instead of
10 juries without violating the Sixth Amendment.  *Id.* at 714-15.  Therefore, the state court's finding
11 that the trial judge did not violate Petitioner's Sixth Amendment right to a jury trial when he
12 implemented consecutive rather than concurrent sentences, is not contrary to, or an unreasonable
13 interpretation of, established Supreme Court precedent.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.  Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __4/12/11_____              _____
                                          LUCY H. KOH
                                          United States District Judge